**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4673**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CATRINA COLLEEN EVERHART,

    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:14-cr-00004-GMG-RWT-2)

Submitted:  February 20, 2015   Decided:  March 3, 2015

Before AGEE, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William T. Rice, Martinsburg, West Virginia, for Appellant. Jarod James Douglas, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Catrina Colleen Everhart appeals her conviction and the sixty-month sentence imposed following her guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (2012). On appeal, Everhart's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court fully complied with Federal Rule of Criminal Procedure 11 in accepting Everhart's guilty plea and whether the sentence is reasonable. Everhart was advised of her right to file a pro se supplemental brief but did not file one. Finding no meritorious grounds for appeal, we affirm.

Everhart first questions whether the district court erred in accepting her guilty plea. Our review of the plea hearing reveals that the district court substantially complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy and committed no error warranting correction on plain error review. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Thus, the court did not err in accepting Everhart's knowing and voluntary guilty plea.

Everhart next questions the reasonableness of the sentence.[*] In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in imposing the sixty-month sentence. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of review); United States v.

---

[*] We decline to sua sponte enforce Everhart's waiver of appellate rights in the plea agreement. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

3

Farrior, 535 F.3d 210, 224 (4th Cir. 2008) (a statutory mandatory minimum sentence is "per se reasonable").

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Everhart, in writing, of her right to petition the Supreme Court of the United States for further review. If Everhart requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Everhart. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED